IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MARVIS MCDANIEL-IVEY,

    PLAINTIFF,

V.

UNKNOWN AGENTS OF UNITED STATES,
UNITED STATES,

    DEFENDANTS.

CIVIL ACTION NUMBER:

**BIVENS** ACTION FOR
INJUNCTION & DAMAGES

FOURTH AMENDMENT
VIOLATIONS

WARRANTLESS ENTRY

CRIMINAL TRESPASS
BREAK-IN

QUARTERING OF
SOLDIERS THIRD
AMENDMENT
VIOLATIONS

THEFT BY TAKING
WARRANTLESS SEARCH
& SEIZURE ATHLETIC
SHOES

REGULAR BREAK-INS
THEFT OF FOOD ITEMS

KEYED ENTRY DESPITE
CHANGE OF LOCKS
AFTER PREVIOUS
BREAK-INS

FALSE ARREST, IN-HOME
RETALIATION
INCARCERATION FOR
COMPLAINT AGAINST
"OFFICER LANDRY"

FILED BY _MIE_ D.C.
JAN 04 2021
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

<u>COMPLAINT AND REQUEST FOR INJUNCTION AND DAMAGES</u>

Plaintiff Marvis McDaniel-Ivey files this Complaint for Injunction and Damages and shows the court as follows:

1.

This civil action stems from the break-in into her house which occurred on November 12, 2020. During the time someone was noticed to be inside of her house through noisy activity in her hallway Plaintiff Marvis McDaniel-Ivey was awakened by coughing or some other noise which ceased. However, grumbling or some inchoate noises followed briefly. When Plaintiff called police in the later morning, daylight, there were no signs of damage showing break-in.

2.

Plaintiff is a victim of domestic violence involving local Dekalb County, Georgia Policeman Officer Landry. According to Plaintiff's estranged brother, Landry solicited violence from him with promises of no arrest and no "911" help for victim when she calls for emergency police help. The seriousness of the assaults, battery and gang rape while under sedation which plaintiff refers to as government human sex trafficking violations of federal and state Racketeer Influenced Corrupt Organization (RICO) Acts which warranted Family Violence Protective Orders in effect from June 2015 through July 11, 2019. A copy is attached hereto and made a part hereof.

3.

Plaintiff reported Landry to his superiors prior to obtaining a Family Violence Protective Order which put her estranged brother Bradley McDaniel out of the house. Break-ins occurred which initially involved property damage with witnesses which also caused the extension of the Family Violence Protective Orders. When plaintiff's passport was stolen during one of the break-ins, plaintiff reported it via certified mail to the United States Department of Justice as appealing

[2]

an Internal Affairs Complaint which found no illegal acts of Landry, nor were the available remedies effective against Bradley McDaniel due to local conspiracy and bias in favor of police.

4.

Unfortunately, a major witness Mrs. Judy Richardson who had attended court the previous year 2015 was killed in retaliation against plaintiff's complaint to the United States Department of Justice, she was missing three days after the report was mailed June 13, 2016. Plaintiff reported her missing in retaliation against her complaint to the United States Department of Justice June 22, 2016. Immediate retaliation in the arrest of plaintiff's adult son, Associate Pastor Marcus D. Ivey was done June 29, 2016. Both of these retaliation incidents were done in violation of the Family Violence Protective Order which was in full effect.

5.

November 17, 2018 plaintiff sought help of state elected officials Michele Henson, Karla Drenner and Renitta Shannon with the above retaliation incidents plus the literal theft of her home through a tax scheme. Within days on November 21, 2020 retaliation coercion arrest of plaintiff's adult son occurred again in direct response to plaintiff's efforts to obtain relief.

6.

When a civil rights complaint was filed with the United States Attorney's office, the Federal Bureau of Investigation (FBI) agent which the United States Attorney's office directed and facilitated, the FBI agent directed an Internal Affairs Complaint on behalf of plaintiff's son because of the two retaliation arrests. The Internal Affairs Complaint was filed June 4, 2019 with the Dekalb County Police Department. The third retaliation case was brought against plaintiff's adult son June 18, 2019 while yet incarcerated from the previous false arrests. All incidents of

intentional police misconduct retaliation arrests were also done in violation of the Family Violence Protective Order.

7.

The coercive retaliation from police and their agents which include Judges and others in collaboration with law enforcement also include illegal evictions of Marvis McDaniel-Ivey from three residences. The first was police eviction from inheritance real property under "criminal trespass" false arrest charge as she sought to move into property which she owned. The second wrongful illegal eviction involved a tax scheme with process against a dead former owner and no notice to plaintiff despite her title information in the official records. The third is currently being resisted.

8.

Marvis McDaniel-Ivey and her son, Associate Pastor Marcus D. Ivey are due relief in this matter, from attacks against their home which they own free and clear due to their "Purchase Contract" executed to pay off the entire previous mortgage which was wrongfully rejected so the debt was officially discharged by law, Official Code of Georgia Annotated (O.C.G.A.) §11-3-603. The rejection occurred through alleged foreclosure which is not enforceable against Marvis McDaniel-Ivey pursuant to O.C.G.A. §44-14-185, §44-14-186 jury trial, and not enforceable against either Associate Pastor Marcus D. Ivey nor Marvis McDaniel-Ivey pursuant to no notice in violation of right to cure any default and without default no foreclosure is valid, offer of Purchase Contract was made in full tender with witness before any sale could take place,

[4]

O.C.G.A. §44-14-162.2. Marvis McDaniel-Ivey, Associate Pastor Marcus D. Ivey own their house, home, and real property free and clear, STAY OUT!

9.

After the November 12, 2020 break-in into plaintiff's current residence a receipt was found which contains the following information and a copy of which is also attached hereto: US EXPENSE, 6600 North Military Trail, Boca Raton, Florida 33496, Check Payment NBR: 32612, Invoice Number AR104713395001, Order 104713355001, Date 7/10/20, Amt. 3.00, Discount 0, Pd 3.00. This civil action is filed to obtain relief against the government intruder in his identity, an injunction against him and his purpose, damages to deter any further illegal intrusions.

## Basis for Jurisdiction

10.

The court has jurisdiction over this matter pursuant to 28 United States Code (U.S.C.) § 1331 and 1346 United States as a Defendant. Bivens v. Six Unknown Agents of Federal Bureau of Narcotics 403 U.S. 388 (1999).

## Injunction Relief

11.

The events giving rise to the event are listed as illegal acts or crimes done in the official capacity or under color of law. A receipt was left following a break-in into my residence while I slept. I was awakened during the break-in and in fear for my life. The receipt has an address which originates in the jurisdiction of this court and Marvis McDaniel-Ivey seeks restraint of the

federal agent in what may be his home or other place of business from returning to her home, to have his identity and government or other purpose made known.

WHEREFORE, plaintiff Marvis McDaniel-Ivey seeks injunction restraining any future intrusions from the United States and or its agents. Plaintiff seeks name or names of intruders to her residence and their purpose and appropriate personal restraining orders. Plaintiff seeks general damages which flow from any federal civil rights and Fourth and Third Amendment violations civil action.

Respectfully submitted this 29th day of December, 2020.

*[signature]*
Marvis McDaniel-Ivey
3907 Dunaire Drive
Stone Mountain, Georgia 30083
Marvis.ivey@aol.com
Telephone: (470) 217-9662

State of Georgia
County of Dekalb

## AFFIDAVIT

Personally before the undersigned Notary Public duly authorized to administer oaths appeared Affiant Marvis McDaniel-Ivey who under oath deposes and states:

1.

I am Marvis McDaniel-Ivey of the age of the majority and competent to make this Affidavit based on my personal knowledge of the same.

2.

The facts and statements contained in the attached <u>COMPLAINT FOR INJUNCTION AND DAMAGES</u> is true and correct to the best of my knowledge and belief.

3.

This civil action is brought in the interest of justice.

SWORN TO AND SUBSCRIBED UNDER OATH this 30th day of December 2020.

_____ 12-30-2020
Notary Public

DAISY WINGARD
NOTARY PUBLIC
Dekalb County
State of Georgia
My Comm. Expires Mar. 5, 2022

Marvis McDaniel-Ivey
3907 Dunaire Drive
Stone Mountain, Georgia 30083
Marvis.ivey@aol.com
Telephone: (470) 217-9662

[7]

FILED 7-12-2016 8:47 AM Clerk of Superior Court DeKalb County

ORI Number_____

## THE SUPERIOR COURT FOR THE COUNTY OF DEKALB

### STATE OF GEORGIA

Maras H. Ivey , :
Petitioner, :  Civil Action File
vs. :
Bradley McDaniel , :  No. 15CV6932-9
Respondent. :

**FINAL ORDER (CASE DISPOSITION)** INT: TD  DATE 7/12/16

### FAMILY VIOLENCE THREE YEAR/PERMANENT PROTECTIVE ORDER

A hearing was held on this matter on July 12, 2016, for which the Respondent had notice as required by law, and at which the Respondent appeared and/or had the opportunity to be heard and the Petitioner requested that the Protective Order entered in this case be continued to a Permanent Family Violence Protective Order. This Court has determined that it had jurisdiction over the subject matter and the parties. Having heard the evidence presented, reviewed the Motion and the entire record concerning this case and for good cause shown, IT IS HEREBY ORDERED AND ADJUDGED:

1. That these proceedings be filed in the office of the Clerk of this Court.

2. That this Order applies in every county throughout the state and it shall be the duty of every court and every law enforcement official to enforce and carry out the provisions of this Order pursuant to O.C.G.A. § 19-13-4(d). Law Enforcement officers may use their arrest powers pursuant to O.C.G.A. §§ 19-13-6 and 17-4-20 to enforce the terms of this Order.

3. This Order and the Order issued _____, 20__ shall be permanent pursuant to O.C.G.A. § 19-13-4(c) and have NO expiration date.

**OR**

3.1 This Order shall be in effect for three (3) years and shall expire on July 11, 2019.

4. That the Respondent has violated the Family Violence Act, at O.C.G.A. §§ 19-13-1
p001 et seq., by committing family violence, has placed the Petitioner in reasonable fear for Petitioner's safety, and represents a credible threat to the physical safety of Petitioner and/or Petitioner's child/ren. Respondent is hereby enjoined and restrained from doing, or attempting to do, or threatening to do, any act of injury, maltreating, molesting, following, harassing, harming, or abusing the Petitioner and/or the minor child/ren in any manner. Respondent is not to interfere with Petitioner's travel, transportation, or communication. Respondent shall not follow, place under surveillance, or contact the Petitioner at any place of the Petitioner for the purpose of harassing and intimidating the Petitioner.

1 of 6

CIVIL ACTION FILE NO. _____

5. That the Respondent is enjoined and restrained from doing or attempting to do, or threatening to do, any act of injury, maltreating, molesting, harassing, harming, or abusing the Petitioner's family or household.

pg 00t

6. That this Court determined that it had jurisdiction over the parties and the subject matter under the laws of the State of Georgia and Respondent received reasonable notice and had the opportunity to be heard before this Order was issued sufficient to protect the Respondent's due process rights and this Order shall be presumed valid and pursuant to 18 U.S.C. § 2265(a) shall be accorded full faith and credit by any other state or local jurisdiction and shall be enforced as if an Order of the enforcing state or jurisdiction.

### *ONLY THE FOLLOWING THAT ARE INITIALED BY THE JUDGE SHALL APPLY*

__TD__ 7. Respondent is ordered to stay away from Petitioner's and Petitioner's child/ren's residence and workplace and/or school and any subsequent residence or workplace or school of Petitioner and/or Petitioner's minor child/ren.

pg 0t

__TD__ 8. That Respondent is restrained and enjoined from approaching within __100__ yards of Petitioner and/or Petitioner's minor children.

pg 5t, pg 04

__TD__ 9. Respondent is ordered not to have any contact, direct, indirect or through another person with Petitioner, by telephone, pager, fax, e-mail or any other means of communication except as specified in this Order.

pg 0t

____ 10. That Petitioner is awarded temporary custody of the minor child/ren, namely:

_____ _____ DOB _____ sex _____
_____ _____ DOB _____ sex _____
_____ _____ DOB _____ sex _____
_____ _____ DOB _____ sex _____

Respondent is ordered not to interfere with the physical custody of the minor child/ren.

____ pg 06 Initial here *only if Respondent* is awarded temporary custody of the child/ren.

____ 11. The _____ shall pay to the _____, for support of the minor child/ren, the sum of _____ Dollars ($_____) per _____, beginning _____ 20____.



2 of 6

CIVIL ACTION FILE NO. _____

All payments are to be made by or to:  ____ income deduction order
                                       ____ child support receiver
                                       ____ by mail directly to the Petitioner
                                    or ____ _____

In determining child support the Court finds as follows:

The Father's gross monthly income (before taxes) is $ _____ ;

The Mother's gross monthly income (before taxes) is $ _____ .

Number of children – The number of children for whom support is being provided under this order is _____ .

**Deviations:**

( ) It has been determined that none of the Deviations allowed under O.C.G.A. §19-6-15 applies in this case.

**OR**

( ) It has been determined that one or more of the Deviations allowed under O.C.G.A. § 19-6-15 applies in this case, as shown by the attached *Schedule E*. The Presumptive Amount of Child Support that would have been required under O.C.G.A. § 19-6-15 if the deviations had not been applied is $ _____ per month, as shown on the attached *Child Support Worksheet*. The attached *Schedule E* explains the reasons for the deviation, how the application of the guidelines would be unjust or inappropriate considering the relative ability of each parent to provide support, and how the best interest of the child/ren who is/are subject to this child support determination is served by deviation from the presumptive amount of child support.

*The Child Support Order Addendum is attached and made a part of this Order.*

____ 12. Respondent is ordered to pay temporary support for the Petitioner in the amount of
$_____ every_____ beginning _____, 20____.
All payments are to be made by or to:  ____ income deduction order
                                       ____ child support receiver
                                       ____ by mail directly to the Petitioner
                                    or ____ _____

____ 13. Respondent shall have visitation with the minor child/ren according to the following schedule, beginning _____, 20____:
   __/__ no visitation
   ____ no visitation until _____ _____
   ____ supervised visitation, supervised by a third party as follows:
   _____
   _____

3 of 6

CIVIL ACTION FILE NO. _____

____ visitation every other weekend from Friday at 6 p.m. until Sunday at 6 p.m., beginning _____/___, 20__.
____ other visitation _____
____ circumstances concerning how Respondent shall pick up and return the minor child/ren shall be _____

Strict compliance with this visitation provision shall not be a violation of the restraining provisions of this Order.

____ 14. (Respondent)(Petitioner)(Both Respondent and Petitioner) [strike through appropriate] is/are ordered not to sell, encumber, trade, damage, contract to sell, or otherwise dispose of or remove from the jurisdiction of this Court any of the property or pets of the Petitioner or joint property or pets of the parties except in the ordinary course of business.

____ 15. (Respondent)(Petitioner)(Both Respondent and Petitioner) [strike through appropriate] is/are ordered not to disconnect or have disconnected home utilities, change or have changed and/or cancel or have canceled auto, health or life insurance for Respondent, Petitioner, and/or Petitioner's child/ren or interfere with Respondent's, Petitioner's and/or Petitioner's child/ren's mail.

____ 16. Petitioner is awarded costs and attorney fees in the amount of _____.

[X] 17. Petitioner/protected party is either a spouse, former spouse, parent of a common child, Petitioner's child, child of Respondent, cohabitates or has cohabited with Respondent and qualifies for 18 U.S.C. § 922(g). It is further ordered that the Respondent shall not possess or purchase a firearm or ammunition as restricted by federal law under 18 U.S.C. § 922(g)(8)

____ 18. It is further Ordered: _____
_____
_____
_____

SO ORDERED this 12th day of July, 2016.

State of Georgia, DeKalb County
[seal]

/s/Elizabeth Dagostino

_____
JUDGE, SUPERIOR COURT
DeKalb County
TRACY A. DORFMAN
Print or stamp Judge's name
By Designation

Violation of the above Order may be punishable by fines. Filed in Open Court
This 12 day of July, 2016
_____
Time 9:40 A.M.

4 of 6

CIVIL ACTION FILE NO. _____

**NOTICE TO RESPONDENT**

1. Violation of this Order may result in immediate arrest and criminal prosecution that may result in jail time and/or fines and/or may subject you to prosecution and penalties for contempt of court.

2. This Order shall remain in effect unless specifically superseded by a subsequent Order signed and filed, by operation of law, or by Order of dismissal, whichever occurs first. Only this Court can void, modify or dismiss this Order. Either party may ask this Court to change or dismiss this Order.

3. If after a hearing, of which the Respondent received notice and opportunity to participate, a protective order is issued which restrains Respondent from harassing, stalking or terrorizing an intimate partner, Respondent is prohibited from possessing, receiving, or transporting a firearm or ammunition which has been shipped or transported in interstate or foreign commerce for the duration of the Order. 18 U.S.C. § 922(g)

4. A person commits the offense of Aggravated Stalking when such person, in violation of a temporary or permanent protective Order prohibiting this behavior follows, places under surveillance, or contacts petitioner on public or private property for the purpose of harassing and intimidating the other person. This activity can subject the Respondent to arrest and prosecution for felony Aggravated Stalking, which carries penalties of imprisonment for not less than 1 year nor more than 10 years and a fine of up to $10,000.00.

Note to Judges: This form is promulgated as a Uniform Superior Court Rule under the auspices of O.C.G.A. § 19-13-53. To order a specific provision, please initial in the space provided. The court should delete or otherwise make inoperative any provision in the standardized form which is not supported by the evidence in the case and in order to comply with the court's application of the law and facts to an individual case.

5 of 6

CIVIL ACTION FILE NO. *15CV4932-9*

**\*REMOVE THIS PAGE FROM ORDER AND FILE SEPARATELY UNDER SEAL.\***

> **CONFIDENTIAL INFORMATION FORM - ATTENTION COURT STAFF: THIS PAGE IS A RESTRICTED-ACCESS DOCUMENT.** This document is not accessible to the public or to other parties.

\*For transmittal to the Georgia Protective Order Registry and, if applicable, the National Crime Information Center.\*

**RESPONDENT'S IDENTIFYING FACT SHEET**
(please complete as much as possible; one of these must be provided to have the order placed in the National Crime Information Center registry: Respondent's date of birth, OR social security number)

Respondent's social security number is _____, date of birth is [REDACTED], sex _M_, color of hair _Grey_, color of eyes _Black_, height _5'6"_, weight _290_. Respondent's race is _Black_, ethnic background _____. Respondent has distinguishing marks (tattoos, scars, etc.) _gold teeth_. Respondent drives a _____. License tag number _____ (Expires: ____) and has a ____ (state) driver's license number _____ (Expires: ____).

Respondent's home address _2118 KR__D__71_ _____ and is employed by _Tire Shop_ at _2005 Candler Rd Dec, Ga 30032_ and works from ____ to ____ on ____ (days) _____. Respondent has the following known aliases: _Brad_.

**PROTECTED PARTIES' IDENTIFYING INFORMATION**

| | | | | |
|---|---|---|---|---|
| Petitioner: | _Morvi's R. Ivey_ | DOB [REDACTED] | sex _F_ | race _Black_ |
| Other: | _____ | DOB _____ | sex _____ | race _____ |
| Other: | _____ | DOB _____ | sex _____ | race _____ |
| Other: | _____ | DOB _____ | sex _____ | race _____ |

[X] Transmitted to Georgia Protective Order Registry    Date: _7/12/16_    Clerk: _[signature]_

6 of 6

[13]



[14]





Receipt left in my house which does not belong to me:

US EXPENSE
5500 North Military Trail
Boca Raton, FL 33496

Check Payment NBR: 3261248

Date: 07/20/2020

| Invoice Number | Description | Date | Voucher ID | Gross Amount | Discount | Paid Amount |
|---|---|---|---|---|---|---|
| AR104713339S001 | Order 104713335001 | 07/10/20 | | 3.06 | 0.00 | 3.06 |
| | | | Total | 3.06 | 0.00 | 3.06 |

SECOND EMERGENCY MOTION.pdf - Adobe Acrobat Reader DC
Receipt left in my house which does not belong to me:
US EXPENSE
5500 North Military Trail
Boca Raton, FL 33496
Check Payment NBR: 3261248
Date: 07/20/2020
Total 3.06 0.00 3.06
6:34 AM
12/30/2020

**PRIORITY MAIL EXPRESS®**

**FLAT RATE ENVELOPE**
ONE RATE ■ ANY WEIGHT

To schedule free Package Pickup, scan the QR code.



USPS.COM/PICKUP

**UNITED STATES POSTAL SERVICE® | PRIORITY MAIL EXPRESS®**

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)   PHONE ( 470 ) 217-4662

Marvis McDaniel-Ivey
3907 Dunaire Drive
Stone Mountain, Georgia 30083

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional Insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
Delivery Options
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available*)
☐ 10:30 AM Delivery Required (additional fee, where available*)
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)   PHONE ( )

United States District Court
Southern District of Florida
West Palm Beach Division
701 Clematis Street, Room 202
West Palm Beach, Florida 33401

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 Insurance Included.

△ PEEL FROM THIS CORNER

PAYMENT BY ACCOUNT
USPS® Corporate

ORIGIN (POSTAL SERVICE)
☐ 1-Day
PO ZIP Code
30030
Date Accepted (MM/DD/YY)
12/30/20
Time Accepted  ☐ AM ☐ PM
Special Handling/Fragile
$
Weight  ☑ Flat Rate
  lbs.   ozs.
DELIVERY (POSTAL SERVICE USE ONLY)
Delivery Attempt (MM/DD/YY)
Delivery Attempt (MM/DD/YY)

LABEL 11-B, MARCH 2019

